■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK HALL, Appellant.—Casey, J. Appeal from a judgment of the County Court of Rensselaer County (Dwyer, Jr., J.), rendered September 27, 1984, convicting defendant upon his plea of guilty of three counts of the crime of burglary in the third degree.

Defendant entered a plea of guilty to three separate charges of burglary in the third degree arising out of his forcible entry into and intent to steal the furniture from several summer camps in the Town of Grafton. Defendant was sentenced to three indeterminate terms of imprisonment of 2½ to 5 years to run concurrently to each other, but to run consecutively as to any prior undischarged term of imprisonment.

On this appeal, defendant initially argues that his arrest without a warrant lacked probable cause and, therefore, tainted his confession and admissions. We disagree. The facts which led to defendant's arrest started with complaints made to a veteran police investigator by owners of several camps in the Taconic Lake Association. In late January 1984, one of the victims reported that several items stolen from her camp and other camps were advertised for sale at a furniture auction in Greene County. The investigator notified other victims who assembled at the auction place, where they identified several items of the stolen property. The auctioneer told the investigator that he had been sold the items by defendant, whom he physically described; that he paid defendant by check; that he had received a phone number of defendant's residence, which the auctioneer gave to the investigator; and that he was told by defendant that the property came from his late mother's estate. The investigator checked this information, found that defendant resided in a mobile home in Albany County and that defendant was on parole. His parole officer disclosed that defendant knew a person connected with the Taconic Lake Association. This information supplied more than sufficient probable cause for the investigator to believe that defendant had committed the crime of criminal possession of stolen property for which defendant was arrested at his place of employment without a warrant.

Before defendant gave any statement, he was twice advised of and waived his *Miranda* rights. His statements resulted in the burglary charges to which defendant voluntarily pleaded guilty. In view of these circumstances and defendant's prior conviction, the sentences imposed are reasonable and not unduly harsh or excessive. Accordingly, defendant's conviction should be affirmed.

Judgment affirmed. Mahoney, P. J., Main, Casey, Weiss and Levine, JJ., concur.